IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01219-AP

DOUGLAS L. TOOLEY,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

---

## JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES

---

## 1. APPEARANCES OF COUNSEL AND PRO SE PARTIES

For Plaintiff:
Douglas L. Tooley, pro se
P.O. Box 3135
Durango, CO 81302
douglas@motleytools.com
VOIP Tel: 253-666-8792

For Defendant:
JOHN F. WALSH
United States Attorney

WILLIAM G. PHARO
United States Attorney's Office
District of Colorado

Stephanie Lynn F. Kiley
Special Assistant United States Attorney
Social Security Administration
1001 Seventeenth Street, Sixth Floor
Denver, CO 80202
303-844-0815
stephanie.kiley@ssa.gov

## 2.   STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## 3.   DATES OF FILING OF RELEVANT PLEADINGS

**A.   Date Complaint Was Filed:**                                   May 10, 2012

**B.   Date Complaint Was Served on U.S. Attorney's Office:**   June 4, 2012

**C.   Date Answer and Administrative Record Were Filed:**      July 30, 2012

## 4.   STATEMENT REGARDING THE ADEQUACY OF THE RECORD

Plaintiff asserts that the record is flawed and not complete with regards to psychological diagnosis and work history.    The consultative evaluation of Dr. Ainsley, performed for a concurrent Colorado SSDI application needs to be added as it avoids the Psychological evaluation flaws.    Plaintiff asserts this evaluation is correct in general terms but is not complete in specifics as it applies to Plaintiff's work and work related history.

As Plaintiff has just received Colorado Medicaid coverage he may have access to Psychological/Psychiatric services that will allow a more articulated Psychogical diagnosis.

Work and work history elements are overlapping causes of action, some of which may, or may not, be beyond the purview of this case. The defamatory nature of these legal practice related work and work history abuses is the source of flaws with the Psych Evaluations performed in Washington State.      Additional discovery is needed to document these cases, however many of the legal abuses are obvious on their face, most notably allegations of harassment from government employees in retaliation for complaints about same regarding constitutionally protected speech.    These clear legal abuses clearly manifest themselves in 3 separate Washington State evaluations, in spite of valid efforts, such as with Dr. Ainsley, to document same.    A basic, but not comprehensive, documentation of this problem is available, without discovery.    A preliminary hearing, where this material was presented in addition to other areas of possible discovery would allow the Court the option of making preliminary findings that would obviate the need for additional proceedings/evidence.

A more subtle issue is the relation between the documentation of legal abuses and ongoing psychological diagnosis.    Clear findings from the Court regarding these abuses

2

will allow better psychological diagnosis.    This process is potentially complex and reiterative, but also very beneficial to the health of Plaintiff, and merited due the causal factors.

This initial round of additional evidence will be submitted to the Defendant by August 27th.

Defendant states, to the best of his knowledge, that the record is adequate.   However, counsel for Defendant has offered to Plaintiff to submit to Defendant for consideration any evidence that Plaintiff asserts was inadvertently omitted from the certified administrative record.   Defendant does not agree to supplementing the record with Dr. Ainsley's consultative examination, described above, because that examination was performed in connection with a subsequent claim and was not part of the administrative record in the case before this Court.   At the time of filing this JCMP, Plaintiff had not submitted any evidence to counsel for Defendant to forward to Defendant.

## 5.   STATEMENT REGARDING ADDITIONAL EVIDENCE

Plaintiff believes additional psychological and work history evidence is needed unless defendant is willing to admit claims of disability arising from governmental/legal abuse – at least to a no fault basis.

Plaintiff believes the scope of additional evidence requires a preliminary hearing to determine practical applicability of the above matters.    Plaintiff proposes presenting contributing work and work related causes in the form of a declaration by September 19. Plaintiff also proposes to complete a psychological services search by that same date. The hearing, scheduled promptly at the Defendant's readiness, would then concern the need for additional discovery on any or all of the items in the declaration, 12-CR-18, and any relevant psychological diagnosis matters.

Plaintiff requests that this hearing be performed via telephone conference call.    Rulings without oral discussion might be possible, but the potential feasibility of this is beyond the legal experience of Plaintiff.     At this time physical appearance in Denver would be cost prohibitive to Plaintiff.

Plaintiff assets that this evidence is necessary because, to some unspecified degree, Washington administrative Judge Valente was continuing the documented and alleged abusive practices.    Similarly this pattern of practice interfered with efforts to find counsel (at best case, more often resulting in some form of retaliation).    Plaintiff also asserts a general pattern of interference with the development of his case as will be evident in the latter cases presented to the Court.    Of related concern to the Court

3

should be the fact that these interfering abuses violate the diagnostic privacy of the Plaintiff in order to continue the pattern of harassment – a pattern which has also resulted in his disability, as well as homelessness.

Defendant asserts that a hearing is not necessary because evidence that was not before the agency when it issued its final decision is generally not relevant to the issue before this Court.    Moreover, counsel for Defendant has offered to Plaintiff to submit to Defendant for consideration any additional evidence that Plaintiff asserts applies to the relevant time period at issue in this case and Plaintiff's explanation as to why the additional evidence was not available during the administrative proceedings.   At the time of filing this JCMP, Plaintiff had not submitted any evidence to counsel for Defendant to forward to Defendant.

## 6.   STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

Plaintiff asserts that Washington State and subsidiary governments and corporations have both contributed to his disability and interfered with Plaintiff's ability to document and treat same, as such Governmental Constitutional Harassment is alleged as a cause of disability and an impediment to its diagnosis.

Defendant, to the best of his knowledge, does not believe this case raises unusual claims or defenses.

## 7.   OTHER MATTERS

A criminal appeal of a camping ticket, 12-CR-18, is also before this Court that includes assertions of Governmental constitutional harassment.     It is possible that this harassment included interference with either of Plaintiff's SSDI claims, however that interference is **most likely** with regards to the later Colorado initiated SSDI claim. Regardless, Discovery is requested on this matter in order to determine any possible Federal interference, direct or indirect at any time, including the fraudulent arrest record present in 12-CR-18.    Note that this bad arrest record was NOT disclosed via previous FOIA/Privacy act requests to the Federal Government and **may** be, in part, a contributing factor to timely incidents.

Similarly, this case, 12-cv-1218, goes to document the malfeasance of 12-CR-18.

Plaintiff asserts that this case, with which the Court is familiar, does generally represent the abusive psychological effects which have resulted in his physical disability. Plaintiff asserts that to some unknown degree the Federal practices, in existence prior to the manifestation evidenced in 12-CR-18 have set a model for abusive behavior present

4

in this Washington State claim.    Though discovery may not be fruitful, the further exploration of these practices will help to further illuminate these problems for all parties to this case, hopefully including the management of legal professionals within the DOJ.

Defendant, to the best of his knowledge, does not believe the other matters are relevant to Plaintiff's appeal of the final decision of the Commissioner in this case.    Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 405(g).

## 8.   BRIEFING SCHEDULE

Plaintiff believes a preliminary hearing is needed to sort through the practical applicability of additional issues, including those arising from governmental and legal interference with his presentation of the case, prior to setting a briefing schedule. Plaintiff proposes a date on or about October 1, 2012 for this hearing.

| | | |
|---|---|---|
| **A.   Plaintiffs Opening Brief Due:** | | October 1, 2012 |
| **B.   Defendant's Response Brief Due:** | | October 31, 2012 |
| **C.   Plaintiffs Reply Brief (If Any) Due:** | | November 14, 2012 |

## 9. STATEMENTS REGARDING ORAL ARGUMENT

### A.   Plaintiffs Statement:

Pro Se Plaintiff requests oral argument at this time.

### B.   Defendant's Statement:

Defendant does not request oral argument

## 10.   CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

## 11.   OTHER MATTERS

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED

UPON THE MOVING ATTORNEY'S CLIENT, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

## 12.   AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.


DATED this 20th day of August, 2012

      BY THE COURT:


       _*s/John L. Kane*_ _____
      U.S. DISTRICT COURT JUDGE


APPROVED:

| | |
|---|---|
| s/Douglas L. Tooley_____<br>Douglas L. Tooley, pro se<br>P.O. Box 3135<br>Durango, Colorado 81302<br>VOIP Tel: 253-666-8792<br>E-mail:   douglas@motleytools.com<br>Plaintiff | JOHN F. WALSH<br>United States Attorney<br><br>WILLIAM G. PHARO<br>United States Attorney's Office<br>District of Colorado<br><br>By: s/Stephanie Lynn F. Kiley<br>Stephanie Lynn F. Kiley<br>Special Assistant United States Attorney<br>1001 Seventeenth Street, Sixth Floor<br>Denver, Colorado    80202<br>Telephone:    (303) 844-0815<br>stephanie.kiley@ssa.gov<br><br>Attorneys for Defendant. |