# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

**Civil Action No. 12-cv-01219-MSK**

**DOUGLAS L. TOOLEY,**

      **Plaintiff,**

**v.**

**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**

      **Defendant.**[1]

---

## OPINION and ORDER

---

**THIS MATTER** comes before the Court on Plaintiff Douglas L. Tooley's appeal of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. Having considered the pleadings and the record, the Court

      **FINDS** and **CONCLUDES** that:

**I.**      **Jurisdiction**

Mr. Tooley filed a claim for disability insurance benefits pursuant to Title II. He asserted that his disability began on March 31, 2007. After his claims were initially denied, Mr. Tooley filed a written request for a hearing before an Administrative Law Judge ("ALJ"). This request was granted and a hearing was held on August 5, 2010.

---

[1] At the time Mr. Tooley filed his appeal, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin is substituted as the Defendant in this action to reflect her designation as Acting Commisioner of Social Security, effective February 14, 2013.

After the hearing, the ALJ issued a decision, which found that Mr. Tooley met the insured status requirements of the Social Security Act through December 31, 2012. The Decision also found that (1) Mr. Tooley had not engaged in substantial gainful activity since March 31, 2007; and (2) although Mr. Tooley had several medically determinable impairments (obesity, diabetes mellitus, sleep apnea, cellulitis, hypertension, hyperlipidemia, and hyperthyroidism), none of these impairments, whether considered separately or together, were severe. Consequently, the Decision found that Mr. Tooley was not disabled during the asserted disability period.

The Appeals Council denied Ms. Tooley's request for review of the Decision. Consequently, this Decision is the Commissioner's final decision for purposes of judicial review. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Mr. Tooley's appeal was timely brought, and this Court exercises jurisdiction to review the Commissioner of Social Security's final decision pursuant to 42 U.S.C. § 405(g).

**II.    Material Facts**

The material facts are as follows.

Mr. Tooley was born in May 1963 and attended college, where he studied computer programming. He has worked as an apartment manager, delivery driver, geographic information systems analyst and tree planter.

**A.  Hearing Testimony**

At the hearing, Mr. Tooley was advised that he had the right to be represented by counsel at his own cost. He decided to proceed without counsel. In response to the ALJ's questions, he testified that he was unable to work due to obesity, diabetes, a thyroid condition, high blood pressure and stress caused by workplace dynamics. He also testified that he had sleep apnea, but

he stated that this condition was improved by his constant positive airway pressure ("CPAP") machine, testimony that was corroborated in treatment notes from January and February 2007. Although he had been treated in the past for leg edema and cellulitis, he testified that he no longer had swelling or redness in his legs and his cellulitis had resolved. Similarly, he testified that his diabetes, thyroid condition and high blood pressure were well managed with medication. Mr. Tooley stated that he had no problems with sitting, lifting or walking. In fact, he stated that he would go on regular hikes, walking up to fifteen miles at a time.

Mr. Tooley also testified briefly about his mental health. He explained that he was reluctant to submit to a mental health evaluation prior to the hearing, but felt that he could be evaluated after the hearing, as "the issues are out on the table enough that it's okay." He stated that he had been evaluated for mental health issues twice prior to the hearing and those evaluations were included in the record.

Dr. Hodges, Mr. Tooley's treating physician from January 2000 to May 2007, also testified at the hearing. He explained that he primarily treated Mr. Tooley's physical complaints, including obesity, cellulitis, diabetes and sleep apnea. However, he had not evaluated Mr. Tooley for psychiatric issues. Based on his treatment of Mr. Tooley, Dr. Hodges testified that Mr. Tooley would be unable to work due to cellulitis. He also testified that "although [he] had not made a psychiatric diagnosis on [Mr. Tooley] during the visits, I felt that his presentation during his visits to me was consistent with the problems that he's subsequently described." He further testified that Mr. Tooley's psychological impairments would prevent him from working, basing this conclusion on Mr. Tooley's statements.

### B. Medical Evidence

Treatment notes from 2006 to 2009 document improvement in Mr. Tooley's leg edema and cellulitis. Dr. Hodges' wrote in October 2006 that Mr. Tooley's leg edema was worse, but after a day of hiking. According to a November 2007 treatment note, Mr. Tooley had leg edema but no cellulitis. Similarly, in January 2009 Mr. Tooley had no cellulitis. In May 2007, Mr. Tooley's blood pressure was normal. In January and February 2007, Mr. Tooley reported that his CPAP machine was helping his sleep apnea. Mr. Tooley was taking metformin for his diabetes in November 2007 and had a good appetite, felt well, had stable weight and was active.

While there are records documenting his physical impairments, there are very few records addressing mental impairments. Mr. Tooley reported no anxiety or depression in November 2007. Although he was prescribed Wellbutrin for depression in June 2008 and referred to a specialist in July 2008, there are no records documenting Mr. Tooley's use of Wellbutrin or other mental health treatment.

Based on a psychiatric evaluation he performed in September 2009, Dr. Sands, a psychologist, diagnosed Mr. Tooley with generalized anxiety disorder and rule-out personality trait disturbance or personality disorder. However, he wrote that he did not have adequate information to make definite conclusions and that Mr. Tooley did not report any prior psychotic features or mental illness. Ms. McNellis, a clinical social worker, administered a psychiatric evaluation to Mr. Tooley in July 2010. She diagnosed Mr. Tooley with generalized anxiety disorder and depressive disorder, not otherwise specified. She concluded that he had mild depression, moderate irritability, motor retardation, paranoia, problems concentrating and marked anxiety. Ms. McNellis further concluded that Mr. Tooley had moderate impairment in his ability to exercise judgment, make decisions, perform routine tasks, relate appropriately to

co-workers and supervisors, care for himself and maintain appropriate behavior in a work setting.

### III.     Issues Presented

Mr. Tooley initiated and prosecuted this appeal without assistance of an attorney. Accordingly, the Court reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although a briefing schedule was set, Mr. Tooley did not file an opening brief. Instead, he filed a Motion to Remand [**#30**]. Rather than defaulting Mr. Tooley for failure to file a brief, the Court treats this as such. This Motion, however, does not identify any error in the Commissioner's decision. Instead, it makes various objections to the administration of this appeal.[2] These allegations fall outside the scope of the review of the Commissioner's decision and do not affect the outcome in this matter. Therefore the Court does not address them. Mr. Tooley's second filing was his Reply Brief [**#33**]. Like the Motion for Remand, it contains assertions of bias by judicial officers and also asserts the existence of a governmental conspiracy[3], which the Court declines to address for the same reason. In this brief, Mr. Tooley

---

[2] Mr. Tooley alleges that various parties (including the ALJ, a judge to which this case was first assigned, and the Department of Justice) were biased or engaged in abuse of process, obstruction and fraudulent interference with his disability claim. He also objects to "judicial and federal immunity" and references other court proceedings.

[3] Mr. Tooley also submitted seven documents, Attachments A through G. Attachment A contains excerpts from the Declaration of Independence and the Fifth and Fourteenth Amendments to the United States Constitution. Attachment B consists of emails between Mr. Tooley and government counsel in which submission of additional evidence is discussed, along with ancillary matters from other, unrelated cases involving Mr. Tooley. Attachment C is entitled "Errors in Fact and Conclusion of Law – Administrative Law Judge William Musseman's Review of [Mr. Tooley]." It appears that this document relates to Mr. Tooley's prior legal

requests appointment of counsel, states that he is not claiming disability for a mental disorder, and that Dr. Hodges' medical opinion was not given sufficient weight.

With regard to Mr. Tooley's request for counsel, he has no constitutional right to representation in an appeal from a Social Security determination. *See Banta v. Chater*, 94 F.3d 655 (Table) (10th Cir. 1996) (citing *Smith v. Secretary of Health, Educ. & Welfare*, 587 F.2d 857, 860 (7th Cir. 1978)); *see also MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988) (no constitutional right to counsel in civil proceedings).

The Court understands that Mr. Tooley does not claim any disability based on a mental impairment. In view of that, none of the Attachments to the Reply constitute new material evidence sufficient to justify a remand pursuant to *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). Of the Attachments, only Attachments B, D and G appear to be pertinent to this appeal. Attachment B is a collection of emails between Mr. Tooley and the Commissioner's counsel. They do not contain any factual information material to the Decision. Attachment D is an opinion from a psychologist with regard to Mr. Tooley's mental condition, but because Mr. Tooley has definitively stated that he is not seeking an award for a mental impairment, it is not material. Finally, Attachment G is a letter from a counselor referring Mr. Tooley to Dr. Sands. This is included in the Administrative Record at Exhibit 18E.

Thus, construing the Reply most favorably to Mr. Tooley, the Court sees two issues 1) whether Dr. Hodges' opinion (other than as to a mental impairment) was not given appropriate

---

history and a decision in another disability case. Attachment D is a September 2012 letter from Dr. Ragsdale, a psychologist. Dr. Ragsdale states that "Given the level of anxiety experienced by Mr. Tooley on a regular basis, he meets the diagnostic criteria for a mental health disorder." Attachment E is a story entitled "The Legend of Billy Moser and the Supreme Dicks" which recounts the death of a student at Hampshire College in 1986. Attachment F contains court records from 1994 and 1995. Finally, Attachment G is a letter from Mr. McDonald, a counselor, referring Mr. Tooley to Dr. Sands.

weight; and 2) whether the decision is supported by substantial evidence and free from a clear error of law.

### IV.     Standard of Review

Judicial review of the Commissioner of Social Security's determination that a claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On appeal, a reviewing court's job is neither to "reweigh the evidence nor substitute our judgment for that of the agency." *Branum v. Barnhart*, 385 f.3d 1268, 1270, 105 Fed. Appx. 990 (10th Cir 2004) (*quoting Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

When evaluating medical opinions, a treating physician's opinion must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give specific and legitimate reasons to reject a treating physician's opinion or give it less than controlling weight. *Drapeau v. Massanari*, 255 F.3d 1211 (10th Cir. 2001). Even if a treating physician's opinion is not entitled to controlling weight, it is entitled to deference and must be weighed using the following factors:

> 1) the length of the treatment relationship and the frequency of examination;
> 2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; 3) the degree to which the physician's opinion is supported by relevant evidence; 4) consistency between the opinion and the record as a whole; 5) whether or not the physician is a

>   specialist in the area upon which an opinion is rendered; and 6) other factors
>   brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300-01 (citation omitted); 20 C.F.R. § 404.1527.

Having considered these factors, the ALJ must give good reasons in the decision for the weight assigned to a treating source's opinion. *Id*. The ALJ is not required to explicitly discuss all the factors outlined in 20 C.F.R. § 404.1527. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, the reasons the ALJ sets forth must be sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the treating source's medical opinions and the reason for that weight. *Watkins*, 350 F.3d at 1301.

**V.     Discussion**

In the Decision, little weight was given to Dr. Hodges's opinion that Mr. Tooley was unable to work due to cellulitis and mental health impairments. According to the Decision, little weight was given this opinion because it was inconsistent with the evidence and Dr. Hodges was an internist, rather than a specialist in mental health. Mr. Tooley argues that Dr. Hodges' opinion was not inconsistent with the evidence. The Commissioner responds that the ALJ complied with the regulations when evaluating Dr. Hodges' opinion, and the reasons outlined for the weight given this opinion were connected to the evidence.

Substantial evidence supports the ALJ's assessment of Dr. Hodges' opinion in the Decision. Although Dr. Hodges testified that Mr. Tooley was unable to work due to cellulitis, Mr. Tooley testified that his cellulitis had resolved. This testimony was corroborated by the medical records. As for Dr. Hodges' testimony that Mr. Tooley was unable to work due to mental impairments, Dr. Hodges' also testified that he only evaluated Mr. Tooley for physical impairments, not mental impairments. Similarly, the medical records document minimal

treatment for mental impairments.  In addition, Mr. Tooley definitively states in his Reply that he does not claim to have a mental impairment.

Having reviewed the entirety of the record and the Decision, the factual findings appear to be supported by substantial evidence and there appears to be no clear error of law.  Given Dr. Hodges' opinion being the only challenge, there does not appear to be any error in the decision.

For the forgoing reasons, the Commissioner of Social Security's decision is **AFFIRMED.**  The Clerk shall enter a Judgment in accordance herewith.

DATED this 25th day of September, 2013

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge